UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
MATTY FERRANTE,

        Plaintiff,

    -against-

JO ANNE B. BARNHART,
Commissionerof Social
Security,

        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**MEMORANDUM & ORDER**

Civil Action No. 04-3168
(DRH)

**Appearances:**

**Matty Ferrante**
Plaintiff Pro Se
125 West 55th Street
New York, NY 10019


**Roslynn R. Mauskopf**
United States District Attorney
Eastern District of Ne wYork
Attorney for Defendant
One Pierrepont Plaza, 14th Floor
Brooklyn, NY 11201
By:    Laura D.  Mantell, Esq.


**HURLEY, Senior District Judge:**


        This civil action was commenced on July 8, 2004, and seeks review of a final

determination by the Commissioner of Social Security that denied Plaintiff, Matty Ferrante

("Plaintiff"), certain disability benefits.  Presently before the Court is the motion of  Defendant,

Jo Anne B. Barnhart, Commissioner of Social Security ("Defendant") to dismiss the complaint.

For the reasons set forth below, Defendant's motion is GRANTED.

### *Background*

Plaintiff applied for disability benefits on November 15, 1999, claiming that he was disabled from April 10, 1999 through June 26, 2000 as a result of injuries he sustained in a motorcycle accident. After Plaintiff's claim was initially denied, he requested a hearing which was held on March 3, 2003. In a decision dated March 14, 2003, the ALJ denied the claim for benefits.

Plaintiff then requested that the Appeals Council review the ALJ's decision. On October 1, 2003, the Appeals Council issued a notice to Plaintiff advising him that his request for review had been denied. The October 1, 2003 notice further advised Plaintiff that: "[y]ou have 60 days to file a civil action (ask for court review)," that "[t]he 60 days start the day after you receive this letter," and that "[i]f you do not ask for court review, the [ALJ]'s decision will be a final decision that can be changed only under special rules." Finally, the notice stated "[]f you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request."

Upon receiving the Appeals Council's notice, Plaintiff did not file a civil action. Rather, by letter dated October 15, 2003, Plaintiff wrote to the Appeals Council seeking reconsideration of his request for review. Plaintiff's letter provides in pertinent part: "As directed during our conversation on October 14th, after reviewing your letter of October 1, 2003, I am writing to ask for reconsideration of my request for a review." The Appeals Council notified Plaintiff by letter dated May 14, 2004, that it was denying the request to reopen the case. Within sixty (60) days

thereafter, on July 8, 2004, Plaintiff commenced this action.

### *Discussion*

### I. *Standard for Motion to Dismiss*

A court may not dismiss a complaint under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *King v. Simpson¸* 189 F.3d 284, 286 (2d Cir. 1999); *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir. 1996). The complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002) (quoting Fed. R. Civ. P. 8(a)(2)). Thus, "a plaintiff is required only to give a defendant fair notice of what the claim is and the grounds upon which it rests." *Leibowitz v. Cornell Univ.,* 445 F.3d 586, 591 (2d Cir.2006). Nonetheless, "a plaintiff's allegations, accepted as true, must be sufficient to establish liability." *Amron v. Morgan Stanley Investment Advisors Inc.,* 464 F.3d 338, 344 (2d Cir. 2006).

In construing a complaint on a Rule 12(b)(6) motion, the Court must accept all factual allegations in the proposed complaint as true and draw all reasonable inferences in favor of the plaintiff. *King*, 189 F.3d at 287; *Jaghory v. New York State Dep't. of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). Indeed, where as here, a plaintiff is proceeding pro se, pleadings should be read liberally and interpreted "to raise the strongest arguments that they suggest." *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir. 1999).

Generally, the Court must confine its consideration "to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by

reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Disc.*

*Bank*, 199 F.3d 99, 107 (2d Cir. 1999); *Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir.

1999). However, if the plaintiff "has actual notice of the information in the movant's papers and

had relied upon these documents in framing the complaint, the court addressing a Rule 12(b)(6)

motion may consider documents not even referenced in the complaint, and need not convert the

motion to one for summary judgment. *See Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153

(2d Cir. 2002); *Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47-48 (2d Cir. 1991). In

the present case, the Defendant's dismissal motion refers to certain documents that are not

attached to or referenced in Plaintiff's form complaint, but that Plaintiff, according to his own

affirmation in opposition to Defendant's motion, sent or received, had clear notice of, and relied

upon in framing his complaint. Accordingly, the Court will consider the documents in

addressing the present motion.

## II. The Parties' Contention

Defendant seeks dismissal of this action on the grounds that it was not commenced within

the sixty days required under the Social Security Act. Plaintiff responds that when he sought

reopening of his case, he "assumed that [his] time for starting the within action would be

extended pending a decision on [his] application."

## III. Plaintiff's Action is Barred by the Statute of Limitations

Section 405(g) requires that claims be presented in district court within sixty (60) days of

a final decision, or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Because the sixty-day time limit defines the terms on which the United

States waives its sovereign immunity and consents to be sued, it is strictly construed. *Bowen v.*

*City of New York,* 476 U.S. 479 (1986); *Randell v. United States,* 64 F.3d 101, 106 (2d Cir.

1995). The sixty-day requirement "in not jurisdictional but rather constitutes a period of

limitations." *Bowen*, 476 U.S. at 478. Congress has explicitly authorized the Commissioner of

Social Security to toll the sixty-day limit, *see* 42 U.S.C. 405(g), and traditional equitable tolling

principles apply to the 60-day limit as well. *Bowen,* 476 U.S. at 480.

Because of the protective nature of the statute for claimants, *see Dixon v. Shalala*, 54

F.3d 1019, 1028 (2d Cir. 1995), the Second Circuit has observed that equitable tolling of the

limitations period "is not infrequently inappropriate." *State of New York v. Sullivan,* 906 F.2d

910, 917 (2d Cir. 1990). "While in most cases the Secretary will make the determination

whether it is proper to extend the period within which review must be sought, cases may arise

where the equities in favor of tolling the limitations period are so great that deference to the

agency's judgment is 'inappropriate.'" Bowen, 476 U.S. at 480. This, however, is not such a

case.

Here, there is no dispute that the action was commenced more than sixty days after the

Appeals Council's notice which advised Plaintiff that the ALJ's decision had become final. Nor

is it disputed that Plaintiff received the Commissioner's notice or that Plaintiff did not seek an

extension of time to file his action.

Equitable tolling may apply where the government has engaged in widespread secretive

conduct or affirmative misconduct, *Bowen,* 476 U.S. at 478. Equitable tolling has also been

upheld where the claimant suffers from mental impairment that prevents the claimant from

understanding the deadline in the Commissioner's notice. *See Canales v. Sullivan,* 936 F.2d

755, 758-59 (2d Cir. 1991). The standard for determining whether equitable tolling applies to

deem filings timely is whether "a litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.'" *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). That standard has not been met in this case.

While Plaintiff did diligently pursue his rights, there is nothing before this Court to support a claim that any extraordinary circumstances stood in his way. Plaintiff claim that he "assumed" that his request to reopen the Appeals Council's determination would extend the time to start an action does not constitute extraordinary circumstances. Ignorance of the law is not "extraordinary" in the sense required by the equitable tolling doctrine. *Ahmeti v. United States,* 2006 WL 2528464, *2 (S.D.N.Y. 2006) (quoting *Barrow v. New Orleans S.S. Ass'n,* 932 F.2d 473, 478 (5th Cir. 1991)). The consideration of additional evidence by the Appeals Council after it has issued a notice of final decision does not reopen a claim or extend the deadline for seeking judicial review. *See Banta v. Sullivan,* 925 F.2d 343, 345 (9th Cir. 1991); *Triplett v. Heckler,* 767 F.2d 210, 213 (5th Cir. 1985).

Nor does the fact that, as indicated in the October 15, 2003, letter, Plaintiff moved for reconsideration "[a]s directed during [his] conversation [with the SSA] on October 14th constitute "extraordinary circumstances." There is no claim by Plaintiff that during the October 14, 2003 conversation he was misled in believing that the request to reopen would extend his time to commence a civil action. *See Goff v. Apfel,* 2004 WL 1243148, *4 (E.D.N.Y. 2004) (bare assertion that claimant was misled by an SSA representative insufficient for equitable tolling); *cf. Boos v. Runyon,* 201 F.3d 178, 185 (2d Cir. 2000) ("conclusory and vague claim, without a particularized description, is manifestly insufficient to justify any further inquiry into

tolling”).

### *Conclusion*

For the reason set forth above, Defendant's motion to dismiss the Complaint is

GRANTED.  The Clerk of Court is directed to close this case.

Dated: Central Islip, New York
      April 3, 2007

                                           /s/
                                         Denis R.  Hurley
                                         Senior District Judge